IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAFAYETTE HAMPTON II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-CV-1742-SMY |
| | ) |
| JOHN D. LAKIN, Sheriff, in his Capacity as Administrator of the Madison County Jail, | ) ) ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner John Lafayette Hampton II filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2241 to challenge his pretrial detention in the Madison County Jail (Doc. 1).[1] Now pending before the Court are the Petition and Hampton's motions seeking to have this Court take judicial notice of his state criminal docket and to obtain a default judgment against the respondent, John D. Lakin, sheriff, in his capacity as administrator of the Madison County Jail (Docs. 13, 15, 16).

## Background[2]

On March 7, 2022, Hampton was charged by complaint in Madison County with receiving, possessing, concealing, selling, disposing, or transferring a vehicle, knowing it to have been stolen or converted, in violation of 625 ILCS 5/4-103(a)(1) (Doc. 1, p. 100). Hampton was arrested and bond was set at $50,000. *State of Ill. v. Hampton*, Case No. 2022-CF-000619 (Madison County Circuit Court, Mar. 7, 2022). Since that time, there have been several psychological evaluations

---

[1] Respondent has not responded, despite a court order (Doc. 12).
[2] The Court takes judicial notice of the public court records from Hampton's underlying state criminal proceeding. *State of Ill. v. Hampton*, Case No. 2022-CF-000619 (Madison County Circuit Court). *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

of Hampton and changes in counsel.

A March 25, 2022, docket entry notes, "[Defense counsel] having a bona fide doubt as to the Deft's fitness hereby moves this court to appoint Dr. Cuneo to evaluate deft for fitness." *State of Ill. v. Hampton*, Case No. 2022-CF-000619 (Madison County Circuit Court, Mar. 25, 2022). Following a report by Dr. Cuneo, the court found Hampton fit and allowed him to proceed *pro se*. *State of Ill. v. Hampton*, Case No. 2022-CF-000619 (Madison County Circuit Court, Apr. 27, 2022).

On July 15, 2022, the court *sua sponte* determined that Hampton "does not have the requisite capacity to make an intelligent and knowing waiver of his right to counsel based on his statements in open court as well as the various pleadings he has filed" and appointed the public defender to represent him. *State of Ill. v. Hampton*, Case No. 2022-CF-000619 (Madison County Circuit Court, Jul. 15, 2022). Dr. Cuneo evaluated Hampton again, and he was found fit to stand trial. *State of Ill. v. Hampton*, Case No. 2022-CF-000619 (Madison County Circuit Court, Oct. 5, 2022). Hampton's public defender has since withdrawn, and he is currently being represented by a court-appointed attorney. *State of Ill. v. Hampton*, Case No. 2022-CF-000619 (Madison County Circuit Court, Nov. 21, 2022).

## **Discussion**

As an initial matter, Hampton asserts that as a result of Respondent's delay in responding to Petition, he is entitled to release from the Madison County jail and expungement of the records related to his state court criminal proceedings (Doc. 16). "Default judgment, without full inquiry into the facts, is especially rare when entered against a custodian in a habeas corpus proceeding." *Ruiz v. Cady,* 660 F.2d 337, 340 (7th Cir. 1981). Default judgments are only appropriate where the respondent fails to respond with "long and inadequately explained delays" where it may be

"presumed that the petitioner is being illegally confined." *Id.* However, the Seventh Circuit has cautioned that even when such delays exist, the district court should "ordinarily" proceed to the merits of the petition because "if the petition has no merit, the delay in disposing of it will in the usual case have caused no prejudice to the petitioner." *Bleitner v. Welborn,* 15 F.3d 652, 653 (7th Cir. 1994). Consistent with this reasoning, the Court will not grant default judgment, and will examine the merits of Hampton's Petition. The motion for default (Doc. 16) is **DENIED**.

"Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009), quoting *Younger v. Harris*, 401 U.S. 37, 49 (1971). State judges' setting of bail may also be challenged in a federal habeas petition if it was set arbitrarily. *United States ex rel. Garcia v. O'Grady,* 812 F.2d 347, 352 (7th Cir. 1987).

Hampton does not raise speedy trial, double jeopardy, or bail claims in his Petition.[3] Instead, he alleges "wrongful convictions and incarcerations on multiple occasions in the name of another person" and asserts that "he is not now acting in acting in the capacity as the named defendant; [he] is the beneficiary and equitable title holder. This fact is in spite of any previous appearances otherwise" (Doc. 1, p. 16). He also attached a "Motion to Dismiss/Discharge" to his Petition that appears to have been filed in his state court case in which he alleges that he is not the defendant and has been misnamed (Doc. 1, p. 63). Hampton's contention that he is beyond the state court's jurisdiction based on his identity invokes sovereign citizen theory, which will be

---

[3] The docket sheet reflects that Hampton raised a speedy trial claim in his state criminal proceedings on March 8, 2022, and July 22, 2022, but there is no evidence that his claim has been ruled on or otherwise exhausted such as this Court may consider it. *Olsson*, 328 F. App'x at 335 (dismissal on abstention ground proper where the petitioner had not exhausted his state court remedies); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006) (district court properly dismissed § 2241 petition for failure to exhaust where the petitioner could have, but did not, present his claims to the Wisconsin courts).

summarily rejected by this Court. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). And he raises no extraordinary circumstances – such as prosecutorial harassment or that his prosecution was brought in bad faith – to justify this Court enjoining the state court proceedings and ordering his release.[4]

### Disposition

Petitioner John Lafayette Hampton II's motion for default (Doc. 16) is **DENIED**. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED**. The motions (Docs. 13 and 15) are **TERMINATED as MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Hampton wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Hampton does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C.

---

[4] In the remainder of the Petition, Hampton seeks redress for police interactions and jail conditions, for which a civil rights lawsuit is the appropriate vehicle. *See*, *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

§1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  December 7, 2022**

**STACI M. YANDLE**
**United States District Judge**